**GARCES & GRABLER, P.C.**
**6 Throckmorton Street**
**Freehold, NJ 07728**
**(732) 414-5000**
**Michael R. Speck, Esq. MRS-7363**
**Attorneys for Stanley F. Kleinschmidt, Jr. and Corinne A. Kleinschmidt**

---

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **In re:** Stanley F. Kleinschmidt, Jr. and Corinne A. Kleinschmidt, Debtors | Case No.: 09-13545 NLW<br>Chapter 7<br>Hearing Date: March 8, 2010<br>Time: 9:00 a.m. |

---

## ATTORNEY CERTIFICATION

1. I, Michael R. Speck, Esq. make this Certification in support of the within motion to be relieved as counsel.

2. On February 13, 2009 Stanley and Corinne Kleinschmidt filed a Chapter 7 Voluntary Petition.

3. At the time of filing Benjamin Stanziale, Esq. represented the Debtors.

4. On August 26, 2009 Benjamin Stanziale filed a motion to be relieved as counsel.

5. On October 28, 2009 Michael R. Speck filed a Notice of Appearance and Request as counsel for Debtors.

6. I reviewed the file before taking the case. It was clear to me that one of the fatal flaws was that Debtor's had not produced tax returns for the previous 3 years, either personal or corporate.

7. On September 18, 2009 I met with Debtors. We discussed the need to

immediately get tax returns prepared.  I advised that as a condition of my representation they would have to agree to complete all corporate and personal tax returns immediately.

8. Debtors advised that they were having a problem paying their accountant.  In fact, one of the problems with the original petition appears to be that Debtor's did not list their accountant's debt.

9. I suggested that Debtor's contact their accountant and see if they could work something out.  I suggested that it may help matters with the Trustee if I could represent a due date for the tax forms.

**10.** On October 2, 2009 I received via email a proposed agreement from Debtor's accountant indicating the terms for their employment.  **"Hereto attached as Exhibit A".**

11. It was my understanding that all that was left would be payment.

12. I was never advised that in fact Debtor's had retained accountant. Thus, I did not file a motion.

13. The debtor's represented to me that they would insure that all tax forms were prepared by Thanksgiving.  I stressed again the importance of this date and that I was going to advise the Trustee's attorney of the proposed date.  And, I would file a motion to appoint as soon as I learned that the accountants agreed to go forward.

14. On October 21, 2009 I confirmed via email to Debtor's that I had represented to Trustee's attorney that I would have the Tax forms to them by Thanksgiving.  "**Hereto attached as Exhibit B".**

15. Debtor's never advised that they paid their accountant or were having any problem with producing the completed tax forms before November 25, 2009.

16. On November 29, 2009 via email I again asked Mr. Kleinschmidt for an update on completing the tax forms. "**Hereto attached as Exhibit C**". I was not responded to.

17. On December 29, 2009 I confirmed to debtors I had not received tax returns and advised of need to withdraw if they were not going to cooperate. "**Hereto attached as Exhibit D**".

18. On January 8, 2010 I spoke with Corinne Kleinschmidt who indicated that she and her husband had split up. She advised that a Temporary Restraining Order had been issued. It has since turned into a Final Restraining order. Ms. Kleinschmidt advised that she wanted to dismiss herself from the bankruptcy. I asked her to email the request. She did. "**Hereto attached as Exhibit E**".

19. I was concerned that I was in a potential conflict at this point.

20. On January 14, 2010, via email, I advised the Court I may have a conflict. **"Hereto attached as Exhibit F".**

21. On January 15, 2010 I discussed the above with Stan Kleinschmidt to determine whether or not he wished to go forward without his wife and have me represent him. I advised that I had instructions from Corinne to file a motion to dismiss her from the Chapter 7.

22. From our discussion I did not believe there was a conflict.

23. Additionally, I advised Mr. Kleinschmidt that if I did not receive the tax returns that he had promised me since September 2009 I would need to file a motion to withdraw as counsel. I emphasized his lack of cooperation. Again, he assured me he would take care of it.

24. On January 19, 2010 Michael Richmond from our firm appeared and yet again obtained a delay for Mr. Kleinschmidt to forward the necessary tax returns.

25. On January 28, 2010 I forwarded a copy of the court order indicating the discovery schedule to Stan Kleinschmidt. **Hereto attached as Exhibit G".**

26. On February 1, 2010 I forwarded a written letter confirming when the tax forms were due. **"Hereto attached as Exhibit H".**

27. On February 4, 2010 I spoke again with Mr. Kleinschmidt. He assured me that the 2006 1040 would be prepared by Monday, February 8, 2010. He claimed that his accountant was working on the 07 forms. The "only" problem might be the 08 forms. I advised him that this was probably not good enough. He advised it was the best that his accountant could do given the tax season.

28. Mr. Kleinschmidt advised that he was meeting with his accountant the next day, Saturday and would have accountant send me a specific letter advising they had entered into an agreement for accountant to perform service and when the 2008 tax forms would be complete.

29. On Monday, February 8, 2010 I spoke with Mr. Kleinschmidt's accountant. He advised that there is no way he could meet the current time table set up by the court.

30. Additionally, I was advised that the 2006 form was not completed as I expected and as Mr. Kleinschmidt represented to me.

31. Later in the day, I received an email from Mr. Kleinschmidt's accountant who provided a written time table for preparing the tax forms. **"Hereto attached as Exhibit I".**

32. Mr. Kleinschmidt has been uncooperative with our request to provide us with the tax forms necessary to properly represent them.

33. Ms. Kleinschmidt did recently file tax returns separately from Mr. Kleinschmidt.

34. It is my understanding that Ms. Kleinschmidt will be filing a motion to dismiss *pro se* if my motion is granted.

35. It has made it impossible for me to continue to represent the Kleinschmidts. Both parties now have separate interests. Mr. Kleinschmidt has not a cooperated with the single most important requirement of my continued representation.

36. The undersigned requests that Garces & Grabler, P.C. and the undersigned Michael R. Speck, Esq. be relieved of representing the Debtors further in this matter.

## **CERTIFICATION**

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me is willfully false, I am subject to punishment.

Dated: February 9, 2010          /s/Michael R. Speck
                                  Michael R. Speck, Esq.